# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **DOUGLAS S. HOLLEY** | **DOCKET NO. 5:17-cv-827-P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS JR.** |
| **SHERIFF'S OFFICE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Douglas S. Holley filed the instant civil right complaint under 42 U.S.C. § 1983. Plaintiff is being detained at the Bossier Maximum Security Center in Plain Dealing, Louisiana. Plaintiff complains that he is being denied access to the law library and competent legal council in his criminal case; his bail is excessive; he has been denied his right to speedy trial; he receives inadequate toiletries; and, all evidence in his criminal case has been destroyed. (Doc. 1, pp. 4-5). Plaintiff asks that he be released on his own recognizance and/or that the charges against him be dismissed.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Procedural History

Plaintiff is a pretrial detainee. Plaintiff complains he is being denied competent legal council and access to the law library to prepare for his criminal trial. Plaintiff also complains his court-appointed council accommodates the prosecutor by agreeing to "endless continuances." (Doc. 1, p. 4). Plaintiff complains his bail of $6,100,000.00 is excessive. Plaintiff alleges the amount of toiletries he receives is inadequate. (Doc. 1, p. 4). Finally, Plaintiff alleges no evidence was produced at his probable cause hearing, and it was discovered that all evidence in his case has been destroyed. (Doc. 1, p. 5). As relief, Plaintiff seeks a release from custody and/or dismissal of the

charges pending against him.

## Law and Analysis

Holley is an inmate who has been allowed to proceed *in forma pauperis*. (Doc. 13). As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

Plaintiff seeks a release from custody on his own recognizance and/or the dismissal of the criminal charges pending against him. The relief Plaintiff seeks is not available through a civil rights action, and must be requested through a petition for writ of habeas corpus. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994); Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989). A civil rights suit is the proper procedure for recovering damages for unconstitutional

conditions of confinement and prison procedures. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994) (§ 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749, 750 (2004).

However, before Plaintiff can proceed with a federal habeas corpus petition, he must exhaust all available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir.1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982).

## **Conclusion**

Because the relief sought by Plaintiff–release from custody and/or dismissal of the criminal charges–is not available through a civil rights action, Plaintiff's § 1983 complaint should be dismissed with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

Thus done and signed in Chambers, Monroe, Louisiana, this 9th day of August, 2017.

Karen L. Hayes
United States Magistrate Judge